**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22699-BLOOM**

WILLIAM BELTRAN BELTRAN,

     Petitioner,

v.

TODD BLANCHE, Attorney General of the United
States; MARKWAYNE MULLIN, Secretary of Department
of Homeland Security (DHS); TODD M. LYONS, Acting
Director of Immigration and Customs Enforcement (ICE);
GARRETT J. RIPA, Miami ICE Field Office Director;
WARDEN/FACILITY ADMINISTRATOR, Miami
Federal Detention Center, and ALL OTHER PERSONS
HAVING CUSTODY OF PETITIONER,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner William Beltran Beltran's ("Petitioner")

Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging that he has been

unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The

Court ordered a response from Respondents, the U.S. Attorney General, the Secretary of the

Department of Homeland Security, the Acting Director of ICE, the Miami ICE Field Office

Director, the Warden of Miami Federal Detention Center, and all other persons having custody of

Petitioner (together, "Respondents"). *See* ECF No. [4]. Respondents timely filed a Response, ECF

No. [6]. The Court has considered the Petition, the Response, the record in this case, applicable

law, and is otherwise fully advised. For the reasons set forth below, the Petition is granted in part

and denied in part.

## I.       FACTUAL BACKGROUND

Petitioner is a citizen and national of Colombia. ECF No. [1] ¶ 3. Petitioner entered the United States without inspection on or about February 5, 2023. ECF No. [6-1]. On January 31, 2026, Petitioner was arrested in West Palm Beach, Florida, by the Palm Beach County Sheriff's Office for a civil immigration violation. ECF Nos. [6-1], [6-3]. Petitioner has no criminal history. ECF Nos. [1] ¶ 9; [6-1]. Petitioner was taken into ICE custody and issued a Notice to Appear charging him as subject to removal under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), as someone who entered the United States without being admitted or paroled. ECF Nos. [6-1], [6-2]. Petitioner remains in ICE custody at Miami Federal Detention Center. ECF No. [1] ¶ 5.

Petitioner filed the instant Petition on April 20, 2026, asserting his detention is unlawful because he is being detained without bond in violation of the INA and in violation of his due process rights. ECF No. [1] at 8-9. Petitioner requests immediate release or, alternatively, a bond hearing. *Id.* at 9. Petitioner also requests that this Court declare that his continued immigration detention without a meaningful individualized custody determination violates his due process rights and the INA. *Id.* Respondents state Petitioner is properly subject to mandatory detention under § 1225(b)(2)(A) as someone present in the United States without being admitted or paroled. ECF No. [6] at 2.

## II.      LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See*

28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

#### A.  Jurisdiction

As a preliminary matter, the Court notes that it has jurisdiction to review the Petition. While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant to § 1225(b)(2) and Petitioner invokes § 1226(a), Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on

the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

### B.  Detention Pending Removal Proceedings

Petitioner asserts that he is entitled to a bond hearing under § 1226(a). ECF No. [1] ¶ 39. Respondents state that the issue in this case is a question of statutory interpretation, specifically whether 8 U.S.C. § 1225(b)(2)(A) or § 1226(a) controls Petitioner's detention. ECF No. [6] at 2. Respondents assert that Petitioner is properly detained without bond under § 1225(b)(2)(A). *Id.* Respondents adopt the interpretation of § 1225(b)(2)(A) and § 1226(a) that Respondents advanced in the case *Huerta-Lopez v. Miami Ice Field Office Director, et al.*, No. 26-cv-20165-BLOOM (S.D. Fla. Mar. 23, 2026), and acknowledge that this Court's decision in that case controls the result in this case. *Id.* at 5-6.

The Eleventh Circuit recently issued a binding opinion regarding the interpretation of § 1225 and § 1226. *See Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065, slip op. (11th Cir. May 6, 2026). The Eleventh Circuit upheld the district court's ruling that the petitioners, who entered the United States without inspection, were apprehended in the interior of the country years later, and had either no or minimal, traffic-related criminal histories, were entitled to a bond hearing under § 1226(a), despite the Government's position that the petitioners were properly held without bond under § 1225(b)(2). *See id.* at 4, 8-9. Consistent with this Court's prior rulings and the rulings of numerous other courts,[1] the Eleventh Circuit rejected Respondents'

---

[1] The vast majority of courts, including this Court, have adopted reasoning similar to the Eleventh Circuit's. *See e.g.*, Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.,* No. 26-cv-20165 (S.D. Fla. Mar. 23, 2026), Dkt. No. 8 (finding that the petitioner, who was appended approximately eight years after he entered the United States, was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge); *see also Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Second Circuit recently issued a decision similarly disagreeing with the Government's interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir.

"re-interpretation" of the Immigration and Nationality Act ("INA") that foreign nationals already in the country are under the purview of § 1225(b)'s mandatory detention. *Id.* at 4. The Eleventh Circuit explained that an "applicant for admission" is a term of art that "'deems' an alien to be an applicant merely by arriving or being present in the United States without having been admitted." *Id.* at 16. Conversely, an applicant for admission who is "seeking admission" is someone in "pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer[.]" *Id.* at 19. Thus, someone is properly detained pending removal proceedings under § 1225(b)(2)(A), "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id.* at 19-20 (citing § 1225(b)(2)(A)). The Eleventh Circuit explained that petitioners satisfy the first condition because they were "discovered in the interior but were never granted lawful entry;" however, they do not meet the second requirement because they "were not applying for entry in any literal sense when they were detained following a traffic stop[.]" *Id.* at 20. Thus, § 1225(b)(2)(A) does not apply. *Id.* In upholding the district court's grant of a bond hearing pursuant to § 1226(a), the Eleventh Circuit concluded, "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. . . . [I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 56.

---

Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). Only the Fifth and Eighth Circuits have agreed with the Government's interpretation of the statute. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

There exist no material distinctions between Petitioner here and the petitioners in *Fidencio Alvarez.* Petitioner entered the United States without inspection in 2023. ECF Nos. [6] at 1; [6-1]. Petitioner was stopped in the interior of the country by Palm Beach County Sheriff's Office for a civil immigration violation. *Id.* By the Eleventh Circuit's binding reasoning, Petitioner was not seeking admission. Therefore, this Court applies the Eleventh Circuit's holding in *Fidencio Alvarez* to conclude that Petitioner is, as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not separately address his due process arguments.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is

detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. The Clerk of Court shall **CLOSE** this case.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 7, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record

7